

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 28 2000

CLERK, U.S. DISTRICT COURT

By _____
         Deputy

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | **CIVIL ACTION NO.** |
| | | **3-00CV2122-D** |
| v. | } } } | |
| | | **C O M P L A I N T** |
| BICCGENERAL CABLE INDUSTRIES, INC. , | } } } | |
| Defendant. | } } } | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, Black, and national origin, African and unlawful employment actions taken in retaliation for opposing practices made unlawful of discrimination under Title VII and to provide appropriate relief to George Asamoah ("Asamoah") and Tony Evans ("Evans") and other individuals similarly situated. Defendant subjected Asamoah, Evans, and other individuals similarly situated to disparate discipline, and harassment which affected the terms and conditions of employment, because of their race, Black, and national origin, African. When Asamoah and Evans complained in opposition to the unlawful employment practices of Defendant, Defendant retaliated by discharging them.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a.

2.      The employment practices alleged to be unlawful were committed within the State of Texas and venue is proper under 42 U.S.C. § 2000-e5 (f) (3).

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. § 2000e-5(a).

4.      At all relevant times, Defendant, BICC General Cable Industries, Inc. ("General") has continuously been and is now doing business in the State of Texas and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant, General, has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, George Asamoah filed charges with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as

amended, by the Defendant, General.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     During the employment of Asamoah and Evans,  the Defendant engaged in unlawful employment practices in violation of §703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Asamoah, Evans, and other individuals similarly situated to disparate discipline, and harassment which affected the terms and conditions of employment, because of their race, Black, and national origin, African.

8.     Defendant further engaged in unlawful employment  practices in violation of §704 (a) of Title VII, 42 U.S.C. §2000e-3(a), by terminating Asamoah and Evans because they had opposed employment practices made unlawful by Title VII.

9. The result of the foregoing practices has been to deprive Asamoah and Evans and other individuals similarly situated  of equal employment opportunities because of their race, Black, and national origin, African,  and to discriminate against Asamoah and Evans  for exercising their rights under Title VII.

10.     The unlawful employment practices complained of in paragraph 7 and 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Asamoah and Evans.

**COMPLAINT**                                          3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, General,  its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or national origin or which constitutes retaliation for opposing any practice made an unlawful employment practice under Title VII.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks and persons of African national origin, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order the Defendant to make whole Asamoah and Evans by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary damages, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Asamoah and Evans.

D.     Order the Defendant to make Asamoah and Evans  whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to,  pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

E.     Order the Defendant to pay Asamoah and Evans  punitive damages for its malicious conduct or reckless indifference described and referenced in paragraphs 7 and 8 above, in an amount to be determined at trial.

**COMPLAINT**                                        4

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No.011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

SIDNEY B. CHESNIN
Senior Trial Attorney
Texas State Bar No.04186600

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas  75202
(214) 655-3330
(214) 655-3331 FAX